This Court must reverse for two reasons. First, because the District Court violated the rule of mandate, as in the recent decision in United States v. Paul, by rejecting this Court's finding that no prosecution objection was made to the defense misfile motion. Second, the District Court's legal errors vitiated the clear error standard of review. And on plenary review of the record, substantial evidence of deliberate intent to provoke a mistrial appears in all three categories described in United States v. Lund. Therefore, neither the District Court nor the prosecutor's account of events is trustworthy. The District Court made a stark about-face on whether error had occurred once the Kennedy issue was raised and the District Court realized that a dismissal would be required. Justice Breyer. Counsel, can I interrupt? I understand what you're saying, and it's a serious issue, but Judge Benitez made about as explicit a finding of fact as it is possible for a trial court to make. He said, I find as a fact that there was no intent to provoke a mistrial, that there was no lack of credibility on the part of the prosecutor. Now, we could all read the record. If I were the trial judge, I might read the record differently. But on appeal, how can there be – how do you get around that without saying that the District Court itself isn't credible, which is, I think, what you're saying. You have a finding of fact that there was no intent to provoke a mistrial, and there's a specific finding as to the prosecutor's credibility. So how can an appellate court disregard that except in the most extreme circumstances? The circumstances in which the clear error standard is completely vitiated, as I mentioned in a couple of cases cited in the reply brief, Inwood Labs and Singer Manufacturing, those are both Supreme Court cases, where they point out that where the legal principles are – where there's legal error in applying the standards and principles that apply to the question, the clear error standard doesn't apply anymore and the court rules as a question of law. Because, obviously, when the incorrect standards are applied, the incorrect legal standards are applied, then there is no deference given to the – Well, okay. I mean, let me – that's – I understand your point here, but let's assume that the court did not – did not apply the legal formula correctly from Oregon v. Kennedy. The key, even under the correct standards, as you articulate in your brief, still is that there had to be a subjective intent on the part of the prosecutor to provoke a mistrial. Correct. And the district court found that there was no such intent. So even if it misstated the law – and I'm not saying that I think he did, but let's just assume that he did – even under the correct standard, you can't get to where you want to go without a factual finding that there was a subjective intent to provoke a mistrial. So even if the court didn't quite get the legal test right, it still seems to me it's very hard to avoid a specific finding of fact on a mental state by, essentially, a precipient witness, the district judge. And also with regard to the credibility of the prosecutor, again, the district judge had an opportunity to observe. So as I read your brief, it seems to me when you strip everything away, you're saying, I don't know how to put this delicately, the district judge wasn't being honest. Well, Your Honor, I would – as Judge Posner did in the Ascending case, I would compare this to a Batson challenge. We're in a very similar situation there, is that a district judge looks at the prosecutor and says, well, I find your reasons credible for why you issued this challenge. But we have seen multiple cases in this circuit and in the Supreme Court where those Batson determinations have been reversed, where the appellate court finds, no, that's not credible. In fact, the – even though for the same reasons that Your Honor mentioned, that the district judge is there and is looking at the prosecutor and judging his credibility based on his demeanor, and finds that, yeah, I think you have – you know, that's a race – you've given an honest race neutral answer. That can be found unappealed to just not be supported by the record. And that's exactly the situation we're here. Of course, Judge Bonita has said, I looked at him and I said, I think he's – I don't have any belief that he did this intentionally to go. But there has to be something in the record to support that, as the case law indicates. And that's exactly what's lacking here. Because when you look at the review, look at the record on a plenary review, there is more evidence here than in any other case in this circuit where the mistrial dismissal has been denied. I'm talking about the Loon case, Hedega, and in McCoy. The evidence there was minuscule, and of course the Court denied that. And here we have evidence in every single category and multiple pieces of evidence in every single category which Loon has identified. And so when this – if this Court does a plenary review, the question seems very simple. And I laid out all that evidence in detail in the opening brief that it satisfies Loon. But the question of whether we get to the plenary review, I think, is pretty straightforward. Because the district court here simply applied the wrong legal standard. It was applying a Kennedy rule with its thumb on the scale by saying the defense has to show that it wasn't an eggshell plaintiff, in a sense. That it didn't have some prior proclivity to move for a mistrial before we will even consider whether there was a delivered intent. And that's putting a thumb on the scale. That's giving the defense – nothing in Kennedy indicates that the defense intentions or the defense state of mind have anything to do with the Kennedy inquiry. It's simply a question, did – was there delivered intent? And I would stress that Kennedy pointed out that this is – this is looking into subjective intent according to the same standards that we do every day in court, to determine subjective intent by objective criteria. We ask lay jurors to do this sort of thing all the time. And it's simply a question of does the – do the objective criteria support this – the finding? And like in a Batson claim, we can find that the objective criteria simply do not correspond to the prosecutor's denial. And that's what's happened here. We had a denial, a repeated denial, a district judge who accepts those denials. But the evidence simply doesn't support that when we look at the full record on review. And it's not surprising because the district judge had a misunderstanding of the legal principles involved. Even in several regards, one is the misconstrual of the Kennedy inquiry as somehow being counterbalanced by the defense's proclivity. But also it seemed like the district judge was taking the point of view that there's a strategic decision or there's a goal-oriented decision here. The district judge should not grant a mistrial simply because incurable, reversible error has occurred that made the trial unfair. But he should decide would the district court be better off by making the defendant sustain a harmless error analysis on appeal. In what way the district court is better off by allowing an unfair trial to proceed, I'm not quite sure. But the district court made the same kind of goal-oriented analysis in denying the stay on the interlocutory appeal. Because it wasn't he found that the dismissal, the motion for dismissal was frivolous, which this Court went on to find was not only not frivolous, but on an abuse of discretion standard, he was entitled to an evidentiary hearing on the matter. That's a wide gap in the view of the same evidence. What I suspect is, again, the district court was doing a strategic decision, deciding, well, I want to proceed with the second trial. And the way I do that is I simply call this frivolous. All right. So you're right. And this Court said you have to have an evidence. It's not only not frivolous, but you have to have an evidentiary hearing. Had an evidentiary hearing, made findings of fact. So you're still saying, I think those findings of fact are so patently wrong that, I mean, why bother to have the evidentiary hearing? Well, we did have a hearing. The evidence did come out. But I think that, as I argued extensively in the briefs, that has happened sometimes. The district court just did not get it right. And there's a reason why this Court can look at the whole record, go beyond simply applying deference to what we normally would apply to a factual finding, because the district courts vitiated that standard earlier by just, first of all, applying the Kennedy standard wrong. There were multiple cases where he didn't, where there were anachronistic viewing of the evidence, that is, looking at evidence that occurred subsequent to the mistrial. There was some belief that you couldn't have dual motives, that it has to be purely for the purpose of fomenting the mistrial. But that's an impractical standard to apply, because the evidence that's most likely to foment a mistrial motion from the defense is evidence that, by its nature, is likely to benefit the prosecution. So how you could ever sort those out would be beyond me. I mean, that essentially would say there is no Kennedy, there is no Diniz anymore, because any time there's that dual motive, you just wouldn't ever get a double jeopardy bar. And so I, and the fact that, just the simple fact that even though Loon is not a required test, it's not a checklist, in fact, the Court didn't apply any kind of framework and ignored totally one of the Loon factors and mentioned only sporadically, did not consider at all the positive incentives that would accrue to the prosecution. Yes. I'll stop with this. Thank you. May it please the Court, Steve Miller for the United States. In this case, Judge Benitez did not clearly err in making the factual finding that the prosecutor did not have the intent to foment the motion for mistrial. Appellate's primary complaint in this case is that the district court didn't interpret the circumstantial evidence in the same way he wanted the district court to interpret the circumstantial evidence. And he ignores, both in this appeal and at the evidentiary hearing, the direct evidence. The direct evidence is that Judge Benitez looked at Mr. Chang and said, did you have the intent to foment the mistrial, or did you have the intent to cause the mistrial? And the direct evidence was no. My intent was to prevail at trial. But in addition to that strong direct evidence, the corroborating circumstantial evidence around the context of this entire trial also established that Mr. Chang did not have the intent to cause the defense to move for mistrial. In this case, not only did the district court make the credibility determination, but it was also in the context of the fact that all the circumstances of everything Mr. Chang did led to the deduction that it was with the intent to win at trial. At the evidentiary hearing, I asked the court to take judicial notice of the ruling on 404B, and that was evidence that before the defendant was caught driving a car registered in his name that had 16-plus kilograms of cocaine that had a street value of over $2 million, that the defendant was caught at the border driving a car registered in his name that had a positive dog hit on it and had a concealed, a non-factory compartment. The evidence wasn't anything in it. That was the prior trip we're talking about. Yes. Yes. But when we take that into consideration, that the day before trial, Judge Benitez heard an evidentiary hearing from the officer, that border inspector, who contacted the defendant and found that non-factory compartment before his arrest and then ruled that 404B evidence isn't in there. It's admissible that Officer Albrecht was on the witness list on the first trial. He was on the witness list on the second trial and testified at the second trial and actually weighed heavily in the jury's determination, because the government's supplemental executive records had the notes asking about Officer Albrecht's testimony, that at the time that Mr. Chang was putting on this case, he had every intent of prevailing at trial because he expected to put on that other 404B evidence. And the expectation of all the parties was that it was coming in. And it was also telling that as soon as the court granted the defense's motion for mistrial, one of the first things they did was ask for Mr. Chang's testimony. The other circumstantial evidence that corroborates the direct evidence that Mr. Chang did not have that intent was the circumstances of Mr. Guzman's testimony. Now, the defense theory is once we put on our opening statement and announced, declared that Carlos Castillo was responsible for that, their theory of Mr. Chang's subjective intent was that he was then afraid that he was going to lose that trial because he hadn't investigated Carlos Castillo. And because of that, he then deviously conspired with Officer Guzman to give the testimony that he did. Now, in this particular case, the circumstances of the timing between the opening statement, first witness, and Guzman as a second witness, is that there was no time for him to so deviously conspire to make such an intricate, scripted disclosure in that testimony. Any testimony that Agent Guzman did was inadvertent and could not have been scripted or planned ahead of time. And that also was corroborated by the affirmative evidence at the hearing when they asked, hey, did you coach Officer Guzman to testify to this, this, and that? And he said, no, I didn't. So that, all the corroborating circumstantial evidence also supports the court's finding that was based on the direct evidence of Mr. Chang stating my intent was to win. I would like to conclude that there was no misinterpretation of the legal standard in this case. The standard, the focus of inquiry, is whether or not the prosecutor had the intent to cause the defendant to move from this trial. And, as I said, the court did not clearly err in making that factual finding. But I would also point out that one of the circumstances that the Supreme Court examined when making the specific holding that, yes, double jeopardy only applies if there's a subjective intent, there's also a comment there that we need to avoid dissuading district courts from the ability to correct errors by granting mistrials. If every time a mistrial is granted, double jeopardy attaches. That's one of the policies that they took into consideration and why they limited it to whether the prosecutor had the intent. Because we don't want to have the district courts being dissuaded from correcting errors or being able to have the discretion or the power to declare a mistrial if, in their wisdom, they believe that it's appropriate. If you have any other questions, I will submit them. Thank you, Your Honor. I just want to say on the last comment that this is not something that would apply to every case. Compare this case to any other of the circuit's cases, Loon, Hagega, McCoy, the evidence that's on the record here showing deliberate intent is multiple times greater than what's found in these other cases. I just wanted to make one technical point, though. I mentioned that there's a recent decision on Thursday, United States v. Paul, and because it was within the seven days, I didn't have an opportunity to do a 20HA supplemental letter on that. I'd ask the Court's permission to oppose to argument 20HA addressing why Paul requires a remand in this case. What is it you want again? No, I don't want to oppose to argument 20HA before argument because it came out on Thursday within the seven-day limit of submitting 20HAs before oral argument.
judges: Pregerson, Thompson, Fogel